1          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF IOWA
2                  DAVENPORT DIVISION

3

UNITED STATES OF AMERICA,          )
4                                  )
           Plaintiff,              )
5                                  ) ORIGINAL
           -vs-                    ) CRIMINAL NO. 3:11-cr-104
6                                  )
RICHARD LEROY MOHR,                ) TRANSCRIPT OF
7                                  ) PROCEEDINGS
           Defendant.              ) SENTENCING HEARING
8                                  )

9

10      TRANSCRIPT OF PROCEEDINGS, held before the Honorable John

11   Jarvey, at the Federal Courthouse, Davenport, Iowa, commencing

12   at 11:34 a.m., March 7, 2014, reported by Linda Faurote-Egbers,

13   Certified Shorthand Reporter for the State of Iowa.

14

15                    APPEARANCES

16   Plaintiff by:           JOHN D. KELLER
                             Assistant United States
17                           Attorney
                             131 East Fourth Street
18                           Davenport, IA  52801

19
     Defendant by:           JOHN L. LANE
20                           Attorney at Law
                             310 Law Building
21                           225 Second Street, S.E.
                             Cedar Rapids, IA  52401

22

23   Reported by:

24   Linda Faurote-Egbers
     Certified Shorthand Reporter

25

1          THE COURT:  Please be seated.  The record can reflect

2    that we are here in the matter of United States of America

3    versus Richard Leroy Mohr, it is Criminal Case 3:11-cr-104.  Mr.

4    Mohr is before the Court for sentencing.  He was found guilty at

5    trial of the crimes charged in Counts 1 and 2 of the November

6    15, 2011, Indictment.  He is present, he's represented by John

7    Lane.  The government is represented by John Keller.

8          In preparation for sentencing I have reviewed the

9    Presentence Report in its entirety as well as the Sentencing

10   Memoranda filed by both the government and the defendant.

11         Mr. Lane, you had a chance to review the Presentence

12   Report with your client?

13         MR. LANE:  We did, Your Honor, at the Muscatine County

14   Jail.

15         THE COURT:  Yeah.  And you made objections, but it

16   appears that none of them are --

17         MR. LANE:  Material, Your Honor, correct.

18         THE COURT:  -- material to certainly the Guideline

19   calculation.

20         MR. LANE:  Right.  Even in the Sentencing Memorandum I

21   mentioned to the Court that although Mr. Keller and I might have

22   a dispute about the applicability of obstruction of justice, it

23   doesn't matter.  The Court doesn't have to rule on that because

24   the statute controls.

25         THE COURT:  Thank you.  Mr. Keller?

1          MR. KELLER:  I agree, Your Honor, I didn't find any

2   factual error in the report.

3          THE COURT:  The Presentence Report is factually

4   accurate as to all matters.  The obstruction of justice

5   enhancement is moot in any event.  His Guidelines are 360 to

6   life with or without it.  If I were called upon to make a

7   finding in that regard, I would find that it applies; but the

8   Guidelines here are trumped by the mandatory minimum term of

9   incarceration.

10         I would hear first from you, Mr. Lane, then from Mr.

11  Mohr, and then from Mr. Keller before imposing sentence.

12         MR. LANE:  Yes, Your Honor.  Just briefly, I think the

13  only fighting issue today, Your Honor, since the -- the sentence

14  of 45 years is statutory mandatory minimum, he got convicted of

15  a 15-year offense on Count 1, he had two priors, that put him at

16  35.  He did so, he committed the offense as well while on the

17  Sex Offender Registry.  That added 10.

18         I think there's an agreement between the government

19  and myself that Counts 1 and 2 run concurrent, therefore I think

20  the only issue today, Your Honor, is whether or not the 45-year

21  sentence should run concurrent or consecutive to his Illinois

22  sentences.

23         He has an Illinois let's call it a run-of-the-mill

24  prison sentence; but more importantly he's civilly committed for

25  life under the Illinois system, it does have some review

1  provisions where he can be reviewed had this federal offense

2  never occurred or been prosecuted so as a practical matter, Your

3  Honor, he is going to be in Illinois custody for quite a while

4  and we would ask that the Court run the 45-year sentence

5  concurrent with his -- both his state prison sentences as well

6  as his State of Illinois civil commitment proceedings and here

7  is why.

8          First of all, it is completely within the discretion

9  of the Court under 5G1.3(c)(B) -- (A) or (B) seem to apply.

10  Second, it is clear to me that specialized treatment that he was

11  getting from the State of Illinois after his civil commitment

12  was beneficial to him, only got interrupted because there was

13  another writ of ad prosequendum to retrieve him back into

14  federal custody and he could benefit from that.  I don't think

15  he is going to get much in the federal system.

16          I know, and the Court even mentioned in the last case,

17  typically a state court -- I'm sorry, state Board of Parole,

18  when they find out there's a federal sentence that is waiting in

19  the wings, so to speak, simply paroles the person to that

20  federal sentence.  I don't know if that's going to be the case

21  in this instance because of the civil commitment, Your Honor.

22          No doubt in my mind, no doubt in Mr. Mohr's mind he

23  needs some treatment regarding this -- these problems he has.

24  We would ask that the Court order the sentences to be run

25  concurrent with the state sentences, Your Honor.  Thank you.

1          THE COURT:  Thank you.  Mr. Mohr, is there something

2     you would like to say before sentence is imposed?

3          THE DEFENDANT:  I would just like the opportunity to

4     go through treatment, sir.

5          THE COURT:  Okay.  Mr. Keller?

6          MR. KELLER:  Your Honor, I agree with some of what Mr.

7     Lane said.  I believe on the criminal charge in Illinois the

8     sentence -- the criminal sentence, that he's been paroled

9     already on the Illinois criminal charges so the only thing

10    pending in Illinois is the civil commitment.  It is a life term

11    of commitment, but I believe it can be reviewed annually.

12         I am not sure that because -- because there's only a

13    civil matter pending in Illinois whether he would be returned to

14    Illinois at the conclusion of this federal case.  He may well go

15    and serve his federal sentence first before he is returned to

16    Illinois.  I am not clear on that; but regardless of that,

17    whether the civil commitment is dealt with first or whether it

18    is dealt with after any federal sentence, I do believe they

19    should run consecutively.

20         The -- as I mentioned in the Sentencing Memorandum,

21    the civil commitment is based on a history of sex offenses.  We

22    are here on one specific sex offense.  Now, this one he was

23    charged with in Illinois as well under the same facts and so it

24    was a part of the justification for the civil commitment, but it

25    doesn't -- this case here doesn't encompass all the prior sex

1    offenses that Mr. Mohr has committed so I think they are two

2    separate matters and they should be run consecutively.

3              With regard to Counts 1 and 2, I do believe that they

4    should run concurrent.  I think 45 years is sufficient in this

5    case.  I think that under 3553(a) the danger to the community,

6    trying to prevent further offenses from this defendant, I think

7    that no matter when he's released, there's a possibility that he

8    will still be dangerous, a likelihood maybe that he will still

9    be dangerous.

10             We have had a couple of sex offenders in Federal Court

11   recently who are in their seventies who are committing new sex

12   offenses.  I think that that is certainly a possibility with Mr.

13   Mohr.  At the same time, and reasonable minds can differ about

14   this, but I don't think that that factor alone means that he

15   gets a life sentence today based on what he did just because I

16   think that there's a probability that no matter when he's

17   released, he could commit another offense.  I think 45 years is

18   sufficient, but not greater than necessary, to address the

19   specific crimes that he committed in this case.

20             MR. LANE:  He was writted out, Your Honor.  If you

21   might recall, Mr. Mohr was the individual who was in federal

22   custody and just because of some administerial changes by the

23   marshal, he happened to be temporarily placed at the Rock Island

24   County Jail.

25             Well, the State of Illinois swooped in and got him,

1   took him back, went ahead and did the civil trial, I think

2   that's even on appeal now, but -- and then the government had to

3   rewrit him back out at the conclusion of that so I'm fairly

4   certain he has to go back to the State of Illinois because it is

5   a writ.

6           THE COURT:  Mr. Keller?  I think that's right.

7           MR. KELLER:  That's true that we had to get a writ,

8   but -- and I wasn't the AUSA involved in the case at the

9   beginning.  My understanding is that he was in -- that he -- on

10  his -- before the civil case was resolved in Illinois, he had

11  been sentenced for his criminal conviction in Illinois and he

12  had been paroled and that he was originally in federal custody

13  on these charges without a writ and then that he was taken out

14  of federal custody without permission by the State of Illinois

15  to deal with these civil proceedings and so we had -- they

16  wouldn't return him to our custody.

17          The way for us to get him out of Illinois custody was

18  with a writ, but because he was originally here, I think without

19  a writ, I am not sure that he would be returned.  Again, I

20  wasn't the AUSA at the beginning stages of this, but that's my

21  understanding.

22          MR. LANE:  One other thing, Your Honor, if I may.

23          THE COURT:  Yes.

24          MR. LANE:  There's no specific offense characteristic

25  that is driving any of the Guideline or statutory calculations;

1 but just so the Court knows, the same victim is involved.  In

2 other words, the TS who testified in the trial here, Mr. Mohr

3 was prosecuted for -- essentially it is a different charge of

4 course because it is under the Illinois statutes, but it was

5 child pornography of TS and that's how he got that last state --

6 Illinois state conviction, Your Honor.

7         THE COURT:  The Presentence Report reflects on page

8 two that there are no detainers pending against him.

9         MR. KELLER:  That there are no detainers pending?

10        THE COURT:  Yes.

11        MR. KELLER:  I believe that's correct, Your Honor, but

12 I don't know that that necessarily answers the question of -- of

13 whether he was in federal custody prior to being removed from

14 the Rock Island County Jail for those civil proceedings.

15        THE COURT:  We will figure that out.  Thank you.  In

16 fashioning an appropriate sentence here the Court has considered

17 each of the factors found in Title 18, United States Code,

18 Section 3553(a), meaning I have considered the nature and

19 circumstances of the offense and the history and characteristics

20 of the defendant.  The offense conduct here speaks for itself.

21 An analysis of the 3553(a) factors does not produce a sentence

22 above the mandatory minimum that must be imposed.

23        The Court concludes that the following sentence is

24 sufficient, but not greater than necessary, to address the

25 essential sentencing considerations.  It is the judgment of the

1  Court that Richard Leroy Mohr is hereby sentenced to the custody

2  of the Bureau of Prisons for 540 months on Count 1 of the

3  Indictment and 20 years or 240 months on Count 2 of the

4  Indictment, those sentences shall run concurrent with one

5  another and consecutive to the undischarged portion of any

6  Illinois sentence.  The matters being addressed in Illinois,

7  while they are related, address separate concerns.  This one is

8  about punishment, that is more about protection.

9          Upon release from prison you will be placed on

10 supervised release for the rest of your natural life.  Within 72

11 hours of release from the Bureau of Prisons you shall report in

12 person to the probation office in the District where you are

13 released.

14         While on supervised release you shall not commit

15 another federal, state, or local crime.  You shall not possess a

16 firearm or destructive device.  You shall not illegally possess

17 a controlled substance.

18         You shall comply with the standard conditions of

19 supervision as adopted by the Sentencing Commission plus the

20 special conditions found in the Presentence Report at Paragraphs

21 105 to 112.  There's no point in a fine here.  That's waived.

22 You are ordered to pay a $200 special assessment to the Victims

23 Assistance Fund.  That's due and payable immediately without

24 interest to the Clerk of Court.

25         I neglected to call for any victim allocution.  Was

1  there anything additional that any victim wished to present

2  today?

3           MR. KELLER:  Not to my knowledge, Your Honor.  No.

4           THE COURT:  That's my understanding as well.  You have

5  the right to take an immediate appeal from this Order.  Any

6  appeal has to be filed within 14 days from today.

7           Mr. Lane, do you have anything else?

8           MR. LANE:  No, Your Honor.  Thank you.

9           THE COURT:  Do you?

10          MR. KELLER:  No, Your Honor.

11          THE COURT:  This matter is in recess.

12          (Proceedings concluded at 11:46 a.m., March 7, 2014.)

13

14

15

16

17

18

19

20

21

22

23

24

25

1             CERTIFICATE OF OFFICIAL REPORTER

2

3

4

5        I, Linda Faurote-Egbers, Federal Official Realtime

6 Court Reporter, in and for the United States District Court for

7 the Southern District of Iowa, do hereby certify that pursuant

8 to Section 753, Title 28, United States Code, that the foregoing

9 is a true and correct transcript of the stenographically

10 reported proceedings held in the above-entitled matter and that

11 the transcript page format is in conformance with the

12 regulations of the Judicial Conference of the United States.

13

14

15        Dated this 19th day of March, 2014.

16

17

18

19        /s/ Linda Faurote-Egbers
          Linda Faurote-Egbers, CSR NO. 622(IA)
20        FCRR, RMR, RPR, CSR (IA and IL)
          FEDERAL OFFICIAL COURT REPORTER
21

22

23

24

25